## WYATT v. THE STATE, in Error.

INDICTMENT for larceny. Plea, not guilty. When the testimony was closed, the prisoner called upon the Court to instruct the jury to find a verdict in his favour, should they be of opinion that the offence proved amounted to burglary. This instruction was refused. The jury having retired, and not being able to agree, separated without leave of the Court. Upon this, the prisoner moved for a discharge. The Court overruled his motion; discharged the jury against his consent; and awarded a *venire facias de novo*, returnable instanter. The prisoner was then tried and convicted.

*Held*, that there was no error in the proceedings (1).

33

(1) The common law doctrine was formerly said to be, that a jury once sworn and charged, in any criminal case, could not be discharged without giving a verdict. 3 Co. Inst. 110. And it was contended, that this doctrine is recognized by the following clause in the constitution of the *United States:* "Nor shall any person be subject, for the same offence, to be twice put in jeopardy of life or limb." Amend. Cons. *U. S.* art. 5. It is now considered, however, that the common law is, *that no one shall be twice tried for the same offence;* and that this is the principle recognized by the American constitution.

This subject has been recently investigated in the Supreme Courts of *New York* and the *United States;* and it is by both decided, that if the jury cannot agree, they may be discharged by the Court—even in a capital case—without the prisoner's consent; and that afterwards another jury may be impannelled to try the cause. *The People* v. *Goodwin,* 18 Johns. R. 187.—*The United States* v. *Perez,* 9 Wheat. 579.

If the term limited by law be about to expire, and there be no probability of the jury's agreeing before the Court must adjourn, they may be discharged, and the prisoner be subsequently tried. *The People* v. *Goodwin,* supra. So if, during the trial, a juror or the prisoner be taken suddenly ill, and be unable to attend, the jury may be discharged, and a new trial ordered. Thus, in a capital case, where a juror fell down in a fit and was carried out of Court, the jury were discharged against the prisoner's consent, though the evidence for the prosecution had been nearly gone through. The jurors' names were again called, and a twelfth was put into the box. They were all sworn de novo, the prisoner having his right of challenge. The witnesses were also sworn anew. The prisoner was convicted. Afterwards, in the Exchequer Chamber, the judges, eleven being present, were unanimously of opinion that the proceedings were correct. *Rex* v. *Edwards,* 3 Camp. 207. There is, also, the following case: An indictment for an assault, with intent to commit a rape. The examination of the prosecutrix was nearly concluded, when the prisoner fainted away, and was assisted out of Court. The prisoner's counsel were willing that the trial should proceed; but the Court, considering that without the prisoner's consent the case could not go on in his absence, discharged the jury. Afterwards, during the same term, the prisoner being sufficiently recovered, the jury and witnesses were re-sworn, the trial proceeded as in other cases, and the prisoner was convicted. *Rex* v. *Streek,* 2 Carr. & Payne, 413.

It has been frequently held, on indictments for misdemeanors, that if the verdict be so imperfect that no judgment can be given on it, the Court may award a *venire facias de novo.* Vide 1 Chitt. C. L. 646.—*The People* v. *Olcott,* 2 Johns. Cas. 301.—*The United States* v. *Watkins,* Circuit Court, Dist. Col. July 27, 1829. *Quære,* whether this is the law in all criminal cases.