[No. 3369.  Decided January 2, 1900.]

THE STATE OF WASHINGTON, *Respondent,* v. REINHOLD
HARRAS, *Appellant.*

JUROR—COMPETENCY.

Although a juror may have an impression, going to the
merits of the case on trial, based upon something he had previ-
ously heard or read, he is not disqualified thereby, if it appears
from his examination that he can discharge his duty as a juror
wholly unembarrassed by what he has heard or read concerning
the case.

JURY—EFFECT OF SEPARATION.

The separation of a jury in a criminal case without the con-
sent of the defendant does not amount to a constructive acquittal,
but merely entitles him to a new trial.

WITNESS—COMPETENCY—VOID CONVICTION FOR PERJURY.

A person under conviction for perjury is not a competent wit-
ness, under Bal. Code, § 5992, although the judgment was erron-
eous, as the judgment of conviction is conclusive against collat-
eral attack.

CONTINUANCE—RIGHT PENDING APPEAL FROM CONVICTION BY NECES-
SARY WITNESS.

A defendent in a criminal case is entitled to a continuance
upon application therefor based upon a showing that a necessary
witness whom he desires to examine in his behalf is under con-
viction for the crime of perjury, but that he has appealed there-
from, and that defendant asks for a continuance until the appel-
late court shall have heard and determined the appeal.

Appeal from Superior Court, Walla Walla County.—
Hon. THOMAS H. BRENTS, Judge.  Reversed.

*H. S. Blandford, Wm. H. Upton* and *George T. Thomp-
son,* for appellant.

*Oscar Cain,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

GORDON, C. J.—The appellant was convicted of lar-
ceny under an information which charged him with steal-

ing "four head of neat cattle." The conviction was set aside and a new trial awarded in the superior court upon the appellant's motion. Thereafter his counsel moved for his discharge and an entry of judgment of acquittal, upon the ground that at the former trial the jury had been permitted to separate without the consent of the defendant. His motion was denied, and exception preserved. Thereupon a plea of former acquittal was entered, and upon the issue the jury found against the defendant, who subsequently entered a plea of not guilty. The trial which followed resulted in his conviction, and he has appealed.

We think the court did not err in overruling appellant's challenge to juror Paul. While it is true that in the course of his examination the juror stated that he had an impression, going to the merits of the case, based upon something he had previously heard or read, it is apparent from a consideration of the entire examination that he could discharge his duty as a juror wholly unembarrassed by the fact that he had previously heard or read something concerning it. *Rose v. State,* 2 Wash. 310 (26 Pac. 264), *State v. Murphy,* 9 Wash. 204 (37 Pac. 420), *State v. Moody,* 18 Wash. 165 (51 Pac. 356), and other cases cited in appellant's brief, are not in point. It is earnestly contended that the court should have discharged the appellant and entered judgment of acquittal, because of the separation of the jury upon the former trial. We have not been referred to any case which sustains this contention, but, on the contrary, the point has been otherwise decided in numerous cases. *Wyatt v. State,* 1 Blackf. 257; *Tervin v. State,* 20 South. 551; *Williams v. State,* 45 Ala. 57; Thompson & Merriam, Juries, § 312. It has many times been ruled in this court that the separation of a jury in a criminal case without the consent of the defendant entitles him to a new trial, but it has never been held that such separation amounts to a constructive acquittal.

At the former trial, which resulted in a conviction, as hereinbefore stated, one William Guse was examined as a witness for the defendant. Shortly thereafter Guse was arrested, charged with perjury committed in the course of the examination as such witness. He was subsequently convicted in the superior court, and upon appeal therefrom to this court the judgment of conviction was reversed and the cause remanded, with directions to the lower court to quash the information. See *State v. Guse,* 21 Wash. 269 (57 Pac. 831). The conclusion reached by us in that case was that the information was insufficient to charge the crime of perjury. When the present case was upon trial in the lower court, and prior to the commencement thereof, the appellant asked for a continuance until this court should hear and determine the appeal in Guse's case, then pending, to the end that, if the judgment of the superior court which convicted him should be reversed, appellant might be enabled to have him examined as a witness. The motion for continuance was denied, and an exception preserved. Thereafter at the trial the court refused to permit Guse to testify, for the reason that he was under conviction for perjury. Section 5992, Bal. Code, is as follows:

" No person offered as a witness shall be excluded from giving evidence by reason of conviction of crime, but such conviction may be shown to affect his credibility: Provided, That any person who shall have been convicted of the crime of perjury shall not be a competent witness in any case, unless such conviction shall have been reversed, or unless he shall have received a pardon."

It is urged by appellant's counsel that the judgment by which Guse was convicted was absolutely void, because, as was subsequently held by this court, the information upon which he was tried did not state facts sufficient to constitute a crime, or, in the language of the appellant's brief, the judgment was "not merely voidable, but abso-

lutely void, at all times and in all places." The point is
not well taken. The judgment of conviction was conclu-
sive against attack in a collateral proceeding. It was an
erroneous judgment, but the error could only be reached
by direct appeal. *In re Nolan,* 21 Wash. 395 (58 Pac.
222), and authorities there cited.

For this reason, the court did not err in refusing to
permit the witness to testify. But we cannot overlook the
fact that appellant has been deprived of the benefit of the
testimony of a witness, not because of any act for which
he is responsible, but because of illegal judgment of con-
viction against such witness. Manifestly, he has not had
the benefit of those rights which are vouchsafed to him by
the constitution, among which is the right to have wit-
nesses examined in his own behalf. He has committed no
act by which the right has become forfeited. The error
in the Guse case was not of his making, nor is it for this
court to say that the testimony of Guse would have availed
the defendant nothing. If he should testify before the
jury as set forth in the affidavit for a continuance, and the
jury should believe his testimony, it would entitle the ap-
pellant to acquittal; and the question of the credibility of
Guse would be one resting solely with the jury. Here is a
condition never contemplated by the legislature when it
specified what should constitute a sufficient cause for con-
tinuance. If the defendant has been deprived of the right
to make a defense through no failure or neglect of his own,
it would be a shame and a reproach to the law to hold him
accountable for the law's mistake. The case involves some-
thing more than a mere question of the exercise of dis-
cretion by the trial judge in refusing an application for a
continuance. It involves the larger question of a defend-
ant's right to have witnesses examined in his behalf. It
involves the constitutional right of fair trial. No duty
which the courts owe society can rise above that of preserv-

ing inviolate those principles which make effective the constitutional guarantee of a fair trial. Better, far better, that the course of justice be slow, than that in making haste we should break down those safeguards which experience has shown to be necessary for the welfare and protection of the rights of the citizen. The argument of the prosecution does not meet the question. It is not enough that the record should satisfy us of the actual guilt of the prisoner. The duty is upon the state to demonstrate his guilt by legal evidence, upon a fair trial, where no constitutional or legal right is denied him.

The judgment will be reversed and a new trial awarded.

DUNBAR, J., concurs.

REAVIS, J., concurs in the result.

FULLERTON, J., dissents.