## PEOPLE v. HOSSLER.

1. CRIMINAL LAW—WITNESSES—DUTY OF PEOPLE—RESPONDENT'S WIFE.

In a prosecution for manslaughter, it was not error for the court to refuse to compel the people to indorse the name of respondent's wife on the information and to call her as a witness, she having been the only third person present at the difficulty, though respondent expressly waived his right to object to her being called as a witness against him.

2. SAME—RECALLING WITNESSES.

Where a child was called as a witness for the prosecution, and, on her stating that she did not know what it was to be sworn or to take an oath, the prosecutor offered to permit respondent's counsel to examine her, which they declined, it was not error for the court subsequently to refuse to permit respondent's counsel to recall the child for cross-examination; the court at the same time stating that they might call her as their own witness if they so desired

3. SAME.

Where respondent on a trial for manslaughter knew that a certain person, whose name was not indorsed on the information, was an eye-witness to a part of the transaction, but made no request that she be produced as a witness until the prosecution had rested, at which time she was 50 miles away, and it was claimed that she was old, feeble, and unable to travel, there was no error in refusing to require the people to produce her.

4. SAME—HOMICIDE—QUESTION FOR JURY.

Where, in a prosecution for homicide, the defense claimed that a fracture of deceased's skull and a cut near the ear must have been caused by respondent's striking deceased's head on the uneven surface of a barn floor, while the people claimed

that such injuries must have been inflicted by a blow with some instrument or respondent's boot, it was not error for the court to submit such issue to the jury, though no witness testified to the manner in which the injuries were inflicted.

5. SAME—EVIDENCE—HUSBAND AND WIFE.

On a prosecution for manslaughter, a remark made by respondent's wife, in his presence, to a third person, at the conclusion of the affray between respondent and deceased, not to let respondent "go at the old man any more," was admissible in evidence against respondent.

Exceptions before judgment from Bay; Shepard, J. Submitted November 19, 1903. (Docket No. 231.) Decided January 5, 1904.

George Hossler was convicted of manslaughter. Affirmed.

*Lee E. Joslyn* and *M. D. Snow*, for appellant.

*Lewis P. Coumans*, Assistant Prosecuting Attorney, for the people.

HOOKER, J. The defendant is before us upon exceptions before sentence, having been convicted of the offense of manslaughter. The defendant and deceased, who were neighbors, met at the house of one Hodor, and partook freely of the contents of a keg of beer procured for the occasion. An argument regarding the strength of the respective navies of the United States and Great Britain culminated in a fight, but the parties were separated, and the defendant was induced to go home; the deceased being meantime restrained by the bystanders. Soon after the defendant left, the deceased went to defendant's farm, and found the defendant putting out his horses. Another fight ensued, and deceased received a mortal injury; his skull being fractured near the ear. There were contusions upon the back of his head and upon his face, and his condition indicated that he was used very roughly, while defendant was practically uninjured. The defendant, at

135 MICH.—25.

the suggestion of his wife, who witnessed the affray, gave immediate information to friends of the deceased, who removed Mr. Payne, and he died from his injury the next day.

Before the trial was commenced, the defendant's counsel asked that the prosecution be required to indorse the name of the defendant's wife upon the information as a witness for the people; she being the only third person present at the fight at the barn. Subsequently, during the trial, the application was renewed; it being stated by counsel that defendant expressly waived his right to object to the calling of his wife as a witness against him. The court denied the request. There was no error in this. The case of *People* v. *Wolcott*, 51 Mich. 618 (17 N. W. 78), is decisive of the question. In that case the name of respondent's wife was indorsed on the information, but the prosecuting attorney declined to call her, and the court refused to compel him to do so. In the opinion, Mr. Justice COOLEY said: "The relationship of the witness to the accused was sufficient reason for *excusing her*." We are of the opinion that this language was intended to mean that the relationship was such as to justify the prosecutor in declining to call the witness on behalf of the people. The record in that case shows that the trial court "refused to require that the witness be called for the people," and, if that is the rule notwithstanding the indorsement of the wife's name, there is quite as much reason for applying it to a case where the defendant has not been led to expect that the prosecution intended to make his wife their witness.

Mary Hodor, a child of 10 years of age, was present at the preliminary quarrel at her father's house. She was called as a witness for the prosecution, and, in answer to questions put by counsel for the people, stated that she did not know what it was to be sworn or to take an oath. Thereupon counsel for defendant were told that they might examine her, and stated that they did not care to ask any questions. Later in the proceedings, counsel for defend-

ant said that they would like to ask Mary Hodor some questions.   The court said :

" You stated yesterday you did not want to ask her any questions on either side.   If you want her, call her; the prosecution need not call her.

" *Mr. Joslyn:* The prosecution has already called her.

" *The Court:* If you want her here as a witness, you can do so.   She was excused yesterday.   You said you did not desire to have her put on, and let her go.

" *Mr. Joslyn:* We do not desire to call her as our witness.

" *The Court:* If you call her, you will have to call her as your witness.

" *Mr. Joslyn:* I wish it to appear that she was called yesterday, and that we then stated that we did not desire to ask any questions, but we immediately notified the prosecuting attorney to have her kept here.

" *The Court:* The court has no knowledge of the notification of the prosecuting attorney.

" *Mr. Coumans:* It was not done until after court adjourned last night.

" *The Court:* The little girl can retire.   She need not testify.

" *Mr. Joslyn:* We desire to have it appear further that she was a witness to the trouble that took place at Hodor's house—

" *The Court:* If you desire to examine her on your behalf, you may examine her.

" *Mr. Joslyn:* We do not desire to.

" *The Court:* Very well.   She may be put on the stand by you and examined.   You stated yesterday, when the prosecuting attorney put her on the stand, that you did not care to examine her.   Now, if you desire to examine her, you may examine her as your witness.

" *Mr. Joslyn:* But we do not have the privilege of cross-examination.

" *The Court:* You heard what the court said."

Afterwards the following occurred :

" *The Court:* The little girl, Mary Hodor— If you want to put her on the stand, you must do it now, in order that she may be sent home.   She must not be kept here any longer.   If you desire to use her testimony in any way— She is only 10 years old, and, if you desire to use her, you must put her on the stand now.

"*Mr. Joslyn:* Under the ruling of the court, in holding that it is necessary for the defense to call her as our witness, and in view of the fact that she has been with the people's witnesses all the time, and we have had no opportunity to talk with her, we decline to call her.

"*The Court:* She may be permitted to go home."

It is claimed that this was error. It is a common thing for witnesses to be recalled for cross-examination, and we are unable to find in the record any reason for denying it in this instance; but the defendant's counsel were given the opportunity of calling her, and it was within the power of the circuit judge to permit leading questions to be put to her if occasion demanded. There may have been reasons, not shown by the record, justifying the circuit judge in his refusal to permit counsel to recall this witness for cross-examination at that stage of the case, and after counsel had refused to cross-examine her while the people were making their case. It is not a matter of right to call witnesses repeatedly or unseasonably for cross-examination, and, where there is nothing to indicate that a defendant has suffered injury by the conduct of the trial in this respect, a conviction should not be reversed for a refusal to indulge counsel in repeated or unseasonable cross-examinations.

Complaint is made that the court refused to compel the prosecution to produce and call as a witness Mrs. Andrew Payne, who was present at the house of Hodor when the first trouble occurred. Her name was not indorsed on the information, and, although the defendant knew that she was present on the occasion referred to, this application was not made until the people rested. At that time she was 50 miles distant, and the court properly refused to require the prosecution to produce her; it being claimed that she had not been in attendance, and was old and feeble, and unable to travel.

In his instructions to the jury, the court explained the theories of the respective parties. He said that the defense claimed that the fracture of the skull and the cut

near the ear must have been caused by the defendant's striking the deceased's head upon the uneven surface of the barn floor, while the people claimed that such a theory was unreasonable, and that these injuries must have been inflicted by a direct blow by some instrument or the boot of the defendant. Defendant's counsel claim that there was no evidence that a club or other weapon was used. We are of the opinion that it was competent to leave this question to the jury, although no witness testified to the manner in which these injuries were inflicted. It was for them to draw such inference as the entire testimony would warrant.

The evidence shows that, after the fight at the barn, the defendant returned to Hodor's place, and said they had been fighting; and Andrew Payne, Jr., Hodor, and the defendant went to defendant's place. On the way, defendant said that he would have killed the old man if it had not been for his wife and children, and that they cried and begged him not to touch him any more. On their arrival, Mrs. Hossler said, in the presence of the defendant, to Hodor, "Joe, don't let George go at the old man any more." Error is assigned upon the admission of this remark by Mrs. Hossler upon the ground that it contains an implication that she was of the opinion that defendant had done more than he should have done, and that her admissions were not admissible against him without his consent, any more than her testimony would have been. The remark was made in the presence of her husband, and was, in our opinion, admissible. Upon the latter point, see *People* v. *Foley*, 64 Mich. 158 (31 N. W. 94):

We find no error, and the conviction is affirmed, with direction to the trial court to proceed to judgment.

The other Justices concurred.