PEOPLE *v.* RAIDER.

1. CRIMINAL LAW—CONTINUANCE WITHIN DISCRETION OF COURT.
   Continuance of criminal case is within sound discretion of trial court.

2. SAME—BURDEN OF PROOF.
   Party claiming abuse of discretion in denial of motion for continuance has burden of proving it.

3. SAME—WHEN ABUSE OF DISCRETION SHOWN IN DENYING CONTINUANCE.
   To warrant finding of abuse of discretion in denial of defendant's motion for continuance, prejudice to him must be apparent or proved to have been at least probable.

4. SAME—WITNESSES—CONTINUANCE—TRIAL OF WITNESSES CHARGED WITH PERJURY.
   Arrest of witnesses charged with perjury in trial of defendant's companion in crime, who was tried separately, and resulting publicity given thereto in newspapers, would not necessarily result in prejudice to defendant, and, in absence of showing that it came to attention of jurors, there was no abuse of discretion in denying defendant's motion for continuance until perjury cases were tried.

5. SAME—DUTY OF PROSECUTOR TO INDORSE NAMES OF EYEWITNESSES ON INFORMATION—EXCEPTIONS TO RULE.
   It is duty of prosecutor, with certain exceptions, to indorse on information and call as witnesses all eyewitnesses to crime of violence who are available, except when they are numerous and those not called obviously would be merely cumulative.

6. SAME—FAILURE TO INDORSE WITNESSES CLAIMING TO BE EYEWITNESSES.
   Where witnesses had testified under oath in trial of defendant's companion in crime that they witnessed crime, prosecutor would not be excused from calling them in defendant's trial on ground that prosecutor did not know that they were witnesses.

7. SAME—PURPOSE OF REQUIRING PROSECUTOR TO INDORSE NAMES OF EYEWITNESSES.

Purposes of rule requiring prosecutor to indorse on information and call as witnesses all eyewitnesses to crime are to insure disclosure of whole of *res gestæ,* to protect accused against suppression of testimony favorable to him, and to give him benefit of cross-examination.

8. SAME—WHEN PROSECUTOR EXCUSED FROM INDORSING NAMES OF EYEWITNESSES.

Prosecutor acting in good faith and on reasonable grounds may be excused from indorsing on information and calling as witnesses those who from community of interest in crime or relationship to accused might be inclined to perjure themselves, if they deemed it necessary in his behalf, since it would be incongruous to require prosecutor to make such witnesses his own.

9. SAME—WHEN PROSECUTOR EXCUSED FROM INDORSING NAMES OF WITNESSES CHARGED WITH PERJURY—DISCRETION OF COURT.

Prosecutor may be excused from indorsing on information names of claimed eyewitnesses to crime against whom formal charges of perjury have been laid in connection therewith, when, in sound discretion of court, said charges have been laid in good faith and upon reasonable grounds, and accused nevertheless is protected against suppression of testimony by people and is not prejudiced in his right of cross-examination or to fair trial.

10. SAME—DENYING INDORSEMENT NOT ABUSE OF DISCRETION.

Where prosecutor did not support charges of perjury against claimed eyewitnesses of crime, by showing reasons therefor on oath, court would have been justified in requiring indorsement of their names on information or trial of perjury case before that of defendant, but, under circumstances, denying indorsement *held,* not abuse of discretion.

11. SAME—EVIDENCE—ABSENCE OF DEFENDANT.

Nothing in nature of testimony may be taken in absence of defendant.

12. SAME—NEW TRIAL—ABUSE OF DISCRETION.

Denial of defendant's motion for new trial because of action of officer, in claimed absence of defendant, in pointing out to jury, who viewed premises, certain scales referred to in testimony, *held,* not abuse of discretion, where testimony in regard

to scales was not important factor in case but came only by way of impeachment of witness, it is apparent incident was not prejudicial to defendant, and his counsel was witness to incident and made no objection before verdict, evidently considering it not of sufficient importance to call to court's attention.

Appeal from Recorder's Court of Detroit; Brennan (John V.), J. Submitted October 15, 1931. (Docket No. 212, Calendar No. 35,716.) Decided December 8, 1931. Rehearing denied March 3, 1932.

Morris Raider was convicted of manslaughter. Affirmed.

*Edward H. Kennedy, Jr.,* for appellant.

*Paul W. Voorhies,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *Edmund E. Shepherd,* Assistant Prosecuting Attorney, for the people.

FEAD, J. Defendant was convicted of manslaughter in connection with the killing of Arthur Mixon, a colored boy, as he came out of a drug store at the corner of Hendrie and Hastings streets in the city of Detroit on July 22, 1930. A few minutes before, Mixon and some other colored boys were driving along a near-by alley peddling ice. Mixon got off the wagon and looked under the door of a building used by defendant, Philip Keywell, and two others as a liquor "cutting" plant. The people claim that Keywell, accompanied by defendant and some other white men, took Mixon to task for looking under the door, a short verbal altercation ensued, defendant exclaimed to Keywell, "Put him on the spot," and Keywell shot and killed Mixon. Trial commenced November 12th.

Keywell was tried, the jury disagreed, and at a second trial, on October 16, 1930, he was convicted of murder in the first degree. Immediately thereafter, four witnesses for the defense, who had testified that they had witnessed the crime, were arrested for perjury, on order of the prosecuting attorney, for testifying that Keywell was not present and did not kill Mixon. The three leading newspapers of Detroit carried news articles of the arrest of these witnesses and some mentioned that defendant was to be tried soon. Defendant moved for continuance until the perjury cases were tried, on the ground of prejudice from the arrests and publicity. The motion was denied and defendant alleges error.

Continuance was within the sound discretion of the court. The burden is on the party claiming abuse of discretion to show it. Prejudice to defendant must be apparent or proved to have been at least probable. The news articles were not inflammatory. Prejudice to defendant would not necessarily proceed from the arrest and publicity. The *voir dire* examination of the jury is not in the record. There was no showing that the arrests and charges came to the attention of the panel. Upon the record we cannot say that the court abused its discretion.

Defendant moved that the people be required to indorse on the information as *res gestæ* witnesses the names of the four men so arrested for perjury. Error is assigned on the denial of the motion.

The rule that the prosecution must indorse and call all the eyewitnesses to a crime of violence who are available, except when they are numerous, and those not called obviously would be merely cumulative, although rejected or materially modified in most or all other American jurisdictions (16 Ann. Cas. 918, note; 16 C. J. p. 846; 2 Michie on Homicide,

p. 1362), is too well established in this State to need the citation of authorities. While the prosecution attempts to excuse the nonproduction of the witnesses upon the ground that he did not know they were eyewitnesses (*Wellar* v. *People,* 30 Mich. 16, 22), they had so testified under oath, and, in view of the fact that the identity of the assailants was the vital issue, the rule was applicable (*People* v. *Blazenzitz,* 212 Mich. 675), unless the perjury proceedings gave rise to an exception. Whether it did presents a unique question, upon which no decisions, analogous or in point, have been found. A somewhat similar situation arose in *State* v. *Harras,* 22 Wash. 57 (60 Pac. 58), but the point here was not there involved.

The purposes of the rule are to insure the disclosure of the whole of the *res gestæ,* to protect the accused against the suppression of testimony favorable to him, and to give him the benefit of cross-examination. The rule is not without exceptions. The wife of an accused need not be called by the prosecution although her name is indorsed on the information and he demands the right to cross-examine her (*People* v. *Wolcott,* 51 Mich. 612); nor need she be indorsed as a witness (*People* v. *Hossler,* 135 Mich. 384); one charged as an accessory need not be called by the people (*People* v. *McCullough,* 81 Mich. 25; *People* v. *Resh,* 107 Mich. 251); and a sister of the accused was required to be called only because she was the fiance of the victim (*People* v. *Germaine,* 101 Mich. 485). In none of the cases establishing an exception was authority or reason given for it, except that in *People* v. *Resh* the court curtly announced the exception on the basis of reason and common sense. Obviously the exceptions were founded upon the recognized inclination or inducement of those close to the accused, by com-

munity of interest in the crime or relationship, to perjure themselves, if they deem it necessary, in his behalf, and the incongruity of requiring the prosecution to make such witnesses its own.

When a prosecuting attorney, in his *quasi*-judicial capacity, has taken the serious and solemn official action of formally charging a witness with perjury, an unbending rule of law would be an anomaly which would require the court to compel the prosecutor to present the witness on behalf of the State to give testimony upon the transaction out of which the charge of perjury arose. Virtually, it would amount to requiring the court to order a repetition of the perjury, if the testimony be false and the witness adhere to it. No consideration of the protection of an accused or his right to a fair trial could demand such a rule. On the other hand, an exception which would permit the prosecutor to select his witnesses, by means of laying charges of perjury against those adverse to him, would endanger the legal rights of the accused and also be unjustifiable. From necessity, the situation demands that no hard and fast rule be adopted, but that the power rest in the court to preserve the rights of the accused and protect the court against perjury.

The exception as to accessories offers the basis of a reasonable rule for the situation at bar. The prosecutor is not permitted to charge an adverse witness as an accessory and thus be excused from calling him; but he must act with "sound discretion" (*People* v. *McCullough, supra*), which means in good faith and upon reasonable grounds; and, where the interests of justice so demand it, the court may require the prosecutor to produce the accessory as a witness or try him in advance (*People* v. *McCullough, supra*).

We hold that the people may be excused from indorsing on the information the name of a claimed eyewitness to the crime against whom formal charges of perjury have been laid in connection with the same transaction, when, in the sound judgment and discretion of the court, the charges have been laid in good faith and upon reasonable grounds and the accused nevertheless is protected against suppression of testimony by the people and is not prejudiced in his right of cross-examination or to a fair trial.

In this case, the prosecutor did not support his action in charging the witnesses with perjury by showing of reasons on oath, and the court would have been justified in requiring the indorsement of the names or trial of the perjury cases before that of defendant. But, in reviewing the action of the court, we cannot say he abused his discretion in denying indorsement. The presence of the four witnesses at the scene of the crime was not affirmed by any other witness, not even by each other. It is not clear that the court was not warranted in holding that their testimony in the *Keywell Case,* a transcript of which was made part of the motion, did not constitute a reasonable showing of their presence at the crime. Three of them testified in the instant case. Two juries refused to believe them. Defendant lost no right of cross-examination because such examination was not necessary. It did not appear that the prosecuting attorney acted in bad faith in laying the charges nor that there was suppression of testimony by the people nor that defendant was deprived of a fair trial by the failure to indorse, and there was no reversible error in this respect.

The jury had view of the premises. On request of a juror, an officer who accompanied them pointed out

the location of scales mentioned in the testimony. On motion for new trial, defendant's counsel filed an affidavit reciting the incident, stating he had witnessed it, and that it was in the absence of defendant. The officer made affidavit that it was in the presence of defendant and he gave the information only after the attorneys, both for the State and defendant, had told him it was proper to do so. The court did not pass upon the issue of fact raised by the affidavits but held there was no reversible error on the ground that the matter was trivial.

It is the rule that nothing in the nature of testimony may be taken in the absence of defendant. 3 Comp. Laws 1929, § 17296; *People* v. *Hull,* 86 Mich. 449; *People* v. *Auerbach,* 176 Mich. 23 (Ann. Cas. 1915 B, 557); *People* v. *Winney,* 196 Mich. 347. Had information been given to the jury by the officer without knowledge of the defendant or his counsel before verdict, or had complaint been made to the court at the trial, the question would be different. *Hill* v. *People,* 16 Mich. 351. But as the testimony regarding the scales came in only by way of impeachment of a witness, was not an important factor in the case, and it is apparent the incident was not prejudicial to defendant (3 Comp. Laws 1929, § 17354; 16 C. J. p. 1162), defendant's counsel was a witness to it and made no objection before verdict (16 C. J. p. 1123; *People* v. *Johnson,* 110 N. Y. 134 [17 N. E. 684]; *State* v. *High,* 116 La. 79 [40 South. 538]), and evidently did not consider it of sufficient importance to call it to the attention of the court (*People* v. *Kasem,* 230 Mich. 278), refusal of the court to grant a new trial upon this basis was not an abuse of discretion.

Defendant alleges further errors in the reception of testimony, the charge of the court, and contends

that the verdict is against the great weight of the evidence. We have given them careful consideration and find no reversible error.

Judgment affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.