PEOPLE v THRELKELD

PEOPLE v PENNY

1. CRIMINAL LAW—RES GESTAE WITNESSES—ACCOMPLICES—DUTY TO PRODUCE.

   The prosecutor is not obligated to indorse and produce accomplices as res gestae witnesses.

2. CRIMINAL LAW—RES GESTAE WITNESSES—ACCOMPLICES—DUTY TO PRODUCE—DISCRETION.

   A person is an accomplice, for purposes of the accomplice exception to the general duty of the prosecutor to indorse and produce res gestae witnesses, if he could be charged with the same offense as the accused is charged.

3. CRIMINAL LAW—RES GESTAE WITNESSES—ACCOMPLICES—DUTY TO PRODUCE—DISCRETION.

   Excusing the prosecution, in a trial for carrying concealed weapons without a license, from producing witnesses who were not charged by the prosecutor, but who were passengers in an automobile in which the weapons were found, was not an abuse of discretion, where the trial court reasoned that it would be almost physically impossible for any of the five passengers in a car of the size involved not to see at least one of four revolvers that were in the car when it was searched by the officers, and, so, any reasonable person could assume that all of the five passengers knew of the existence of the revolvers in the car and should have had reason to believe that they were in technical possession of those revolvers (MCLA 750.227).

4. SEARCHES AND SEIZURES—INCIDENT TO ARREST—EVIDENCE—ADMISSIBILITY.

   Police officers had reasonable cause to believe that a concealed weapon was being carried in violation of law where the defendant emerged from an automobile and a revolver was seen in

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 118.

[4, 6] 68 Am Jur 2d, Searches and Seizures §§ 37–39.

[5] 68 Am Jur 2d, Searches and Seizures § 23.

plain view, and they were justified in making an arrest on that ground without a warrant; a subsequent search of the automobile was a reasonable incident of a lawful arrest and a second revolver found during the search was clearly admissible (MCLA 750.227).

5. Searches and Seizures—Plain View—Admissibility.

Objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence; a revolver found when an officer opened the driver's door of an automobile for the purpose of driving the vehicle back to the police station after an arrest of the occupants of the vehicle was properly admissible at trial (MCLA 750.227).

6. Criminal Law—Evidence—Concealed Weapons—Harmless Error.

Any error that was made by admitting into evidence a revolver taken from the glove compartment of a vehicle at a police station after the vehicle had been driven there by a policeman was harmless error where the defendants were charged with possessing concealed weapons, three revolvers were properly admitted into evidence so that the last one, even if improperly admitted, was merely cumulative with respect to the crime charged, and the state had demonstrated beyond a reasonable doubt that even if the revolver had been excluded, the defendants still would have been convicted (MCLA 750.227).

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 December 13, 1972, at Lansing. (Docket No. 13059.) Decided June 25, 1973.

Charles E. Threlkeld and George H. Penny, Jr., were convicted of carrying concealed weapons without a license. Defendants appeal. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Thomas G. Plunkett*, Prosecuting Attorney, and *William G. Wolfram*, Assistant Prosecuting Attorney, for the people.

*Barry F. Keller*, for defendants.

Before: FITZGERALD, P. J., and McGREGOR and TARGONSKI,* JJ.

TARGONSKI, J. The appellants were convicted of carrying concealed weapons without a license.[1] Both appellants were sentenced to a term of from four to five years in prison.

On July 6, 1970, at approximately 4 a.m., two officers of the Royal Oak Police Department responded to a call which indicated that a woman was screaming at Lincoln and Woodward Avenue. Upon arriving at the intersection, the officers pulled into a restaurant parking lot blocking the exit of an automobile which contained the two appellants and three females. The appellants were in the front seat of the vehicle and the women were in the back seat.

The officers got out of their car and were approached by one of the women who had gotten out of the back seat. At this point, the woman told one of the officers that she had been screaming at her boy friend for being with another woman. One of the appellants got out of the car and began to get out his identification.

Meanwhile, the second officer had approached the passenger side of the vehicle and when he turned the flashlight on to look at the passenger's hands, he observed the butt of a revolver protruding from under the right front seat. The officer opened the door, grabbed the gun, and asked the passenger in the front seat to step out of the car. After this request was complied with, the officer reached under the seat and found another revolver. The women passengers were removed from the car, arrested, and placed in a police car.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.227; MSA 28.424.

One of the officers returned to the car for the purpose of driving it back to the station and upon opening the door, he observed a third revolver between the door and the left front seat. When the officer arrived at the police station with the car, he looked into the glove compartment of the car and found a fourth revolver.

At trial, defense counsel moved to suppress the admission into evidence of the last three guns found by the police. This motion was denied.

The three females who were in the back seat of the appellant's car at the time of the arrest were not called by the people. At the close of the people's case, defense counsel moved to dismiss for failure to produce these women as res gestae witnesses. This motion was denied by the trial court on the grounds that these witnesses were accomplices.

From these rulings, the appellants bring this appeal.

The appellants' first claim, that it was error to deny their motion to dismiss because of the prosecution's failure to endorse and call all of the occupants of the automobile as witnesses, is based on their claim the females were not accomplices because they were neither codefendants or ever charged with the crime.

It is well settled that the state has a duty to endorse upon the information and to produce all res gestae witnesses. *People v Green,* 34 Mich App 149 (1971); *People v June,* 34 Mich App 313 (1971). However, it is equally well established that the prosecution is not obligated to endorse or produce accomplices. *People v Crown,* 33 Mich App 266 (1971); *People v Moore,* 29 Mich App 597 (1971). In *People v Raider,* 256 Mich 131, 135–136 (1931), the

rationale for the exceptions to the res gestae rule was stated as follows:

"Obviously the exceptions were founded upon the recognized inclination or inducement of those close to the accused, by community of interest in the crime or relationship, to perjure themselves, if they deem it necessary, in his behalf, and the incongruity of requiring the prosecution to make such witnesses its own."

This exception only applies if the witness was indeed an accomplice of the accused. Thus, in order to reach a proper disposition of this issue, it is necessary to determine whether a person must be charged with the crime in order to be an accomplice.

Research has disclosed that this question is not entirely foreign to this Court. In *People v Moore,* 29 Mich App 597 (1971), the question was raised whether an accomplice should be made a res gestae witness once the charges are dropped. This Court, in concluding that such a witness need not be called, stated:

"The reasons for the exception to the general rule apply with equal force *whether or not the witness has been charged,* and whether or not the action, if any, against him is still pending." (Emphasis added) *People v Moore, supra,* at 601.

This issue was again dealt with indirectly in *People v Fidel,* 37 Mich App 338 (1971). In *Fidel* the prosecution called a witness who had not been charged with the crime but had admitted his participation in the crime. The prosecution called him as a res gestae witness and proceeded to impeach him when he repudiated his previous inculpatory statements concerning the defendants. The Court held that it was error to allow the

prosecutor to impeach this witness since he was an accomplice which relieved the prosecution of any duty to call him under the res gestae rule.

Although these cases are not dispositive of this issue, they do stand for the proposition that a person may be treated as an accomplice, with respect to the res gestae rule, even though he has not been formally charged or convicted of the crime.

In order to determine whether these witnesses were accomplices, it seems necessary to define what an accomplice is. This definition is stated in 23 CJS, Criminal Laws, § 786 (1), pp 3–4, as follows:

"The usual test by which to determine whether or not one is an accomplice of an accused on trial is whether or not he could be prosecuted and punished for the crime with which the accused is charged, or, as it otherwise has been expressed, whether his participation in the offense was criminally corrupt, or whether he is culpably implicated in the commission of the crime with which accused is charged; and 'accomplice' has been defined as one who is liable to prosecution for the identical offense charged against accused on trial in the cause in which the testimony of the accomplice is given."

Thus, a person is an "accomplice" if he *could* be charged with the same offense as the accused is charged. Obviously, each case will have to be judged according to its own facts.

With respect to this case, the appellants were charged with carrying dangerous weapons. The elements of the crime and the proof needed for conviction were stated by this Court in *People v Jerome Smith,* 21 Mich App 717, 722 (1970), as follows:

"Thus, to convict one who is merely present in a car necessarily rests upon two inferences: (a) an inference that he knows a pistol is present; and (b) an inference that he is carrying the pistol."

In the instant case the trial court, in denying the appellants' motion to dismiss, used the following reasoning for his denial:

"It would be almost physically impossible for any of those five passengers in that size car not to see at least one of the four revolvers that were in the car when it was searched by the officers. So any reasonable person could assume that all of these five passengers knew of the existence of the revolver[s] in the car and should have had reason to believe that they were in technical possession of those revolvers."

In short, the trial court ruled that the women could have been charged. Since the decision on who is to be charged with a particular crime is left to the sound discretion of the prosecutor, there could be many reasons why these females were not charged with the crime of which the appellants were convicted. We do not believe that when the prosecutor decides not to charge a particular person with a crime, the party must automatically be produced as a res gestae witness even though he is technically an accomplice. This would defeat the purpose behind the exception as stated in *People v Raider, supra.*

Therefore, under the facts of this case, the nature of the crime involved, and the proofs needed to sustain a conviction, we find that the trial court did not abuse its discretion in excusing the prosecution from producing these witnesses.

The appellants' second claim of error is that the last three guns, which were admitted into evi-

dence, were inadmissible since they were the result of an illegal search and seizure.

The appellant raises no objection to the admission of the first gun into evidence. The second gun was found under the seat after the passengers were removed. This same situation arose in *People v James,* 36 Mich App 550, 554 (1971), where this Court held the gun was admissible on identical facts. The Court, in reaching this decision held:

"When James emerged from the automobile and a gun was spotted in plain view, the officers had reasonable cause to believe that a concealed weapon was being carried in violation of law and were justified in making an arrest on that ground without a warrant. The subsequent search of defendants and of the cabin of the automobile was a reasonable incident of lawful arrests."

We find that this reasoning controls the instant case. The second gun was clearly admissible.

The third gun was found when an officer opened the door on the driver's side for the purpose of driving the vehicle back to the police station. This Court faced an identical situation in *People v Meadows,* 26 Mich App 675, 677–678 (1970). In *Meadows,* a police officer found a gun while he was entering the defendant's car to drive it to the station. This Court in upholding the trial court's ruling that the gun was admissible, stated:

"The defendant's claim that the pistol was illegally seized is without merit. In *Harris v United States,* 390 US 234, 236; 88 S Ct 992, [993]; 19 L Ed 2d 1067, 1069 (1968), the United States Court noted

" 'It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence.' " See also *People v Carl Smith,* 39 Mich App 337 (1972).

In the instant case, the officer had a right to be where he saw the revolver which was in plain view. There was no error in admitting this revolver.

The appellants further argue that the fourth gun is inadmissible.

However, it is not necessary to decide this issue because according to the standards established in *Chapman v California,* 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967); and *People v Liggett,* 378 Mich 706 (1967), any error that was made by admitting the gun taken from the glove compartment of the vehicle into evidence was harmless error. As required by these standards, the state has demonstrated beyond a reasonable doubt that even if the gun had been excluded, the appellants still would have been convicted. The appellants were charged with possessing concealed weapons. Three revolvers were properly admitted into evidence. The last gun, even if improperly admitted, was merely cumulative with respect to the crime charged. If only one or two had been admitted it is conceivable that the jury might have found they belonged to the females in the back seat. This, however, was not the case.

Affirmed.

All concurred.