PEOPLE v ERWIN

Docket No. 46519. Submitted October 9, 1980, at Detroit.—Decided
   November 7, 1980.

   Richard T. Erwin was convicted of carrying a weapon in a motor
   vehicle in the Macomb Circuit Court, Frank E. Jeanette, J.
   Defendant and a friend, David Norton, had been in defendant's
   automobile. Norton, sitting on the front passenger side, pointed
   a sawed-off shotgun at another vehicle. A chase ensued. A
   police cruiser pulled up to the vehicles when they had stopped,
   and defendant and Norton were arrested. Norton was charged
   with felonious assault. Defendant appeals, alleging that the
   prosecutor's failure to indorse and produce Norton at trial
   requires reversal. *Held:*

      Norton was an accomplice within the accomplice exception to
   the general duty of the prosecutor to indorse and produce all
   res gestae witnesses.

      Affirmed.

1. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — ACCOM-
   PLICES.

   A prosecutor is under a general duty to indorse and produce all
   res gestae witnesses; however, he is not obligated to indorse or
   produce persons who are accomplices of the defendant.

2. WITNESSES — CRIMINAL LAW — RES GESTAE WITNESSES — ACCOM-
   PLICES.

   A person is an accomplice within the meaning of the accomplice
   exception to a prosecutor's duty to indorse and produce all res
   gestae witnesses if he could have been charged with the same
   offense regardless of whether or not he was so charged or
   whether or not he was charged with a different offense.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
   81 Am Jur 2d, Witnesses § 2.
[2] 81 Am Jur 2d, Witnesses § 103.

Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Joseph G. Wetzel,* Assistant Prosecuting Attorney, for the people.

*Bender & Thompson,* for defendant.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and MACKENZIE, JJ.

PER CURIAM. Defendant was convicted by a jury in Macomb County Circuit Court on June 16, 1978, of carrying a weapon in a motor vehicle occupied and operated by him, in violation of MCL 750.227; MSA 28.424. On October 27, 1978, he was sentenced to serve a term of two to five years in prison. Defendant appeals as of right, pursuant to GCR 1963, 806.1.

During the early morning hours of November 20, 1977, defendant was driving northbound on Gratiot Avenue near Twelve Mile Road in Macomb County. A friend of the defendant, David Norton, accompanied him. Norton was sitting on the passenger side of the front seat of defendant's automobile.

While stopped for a traffic light, defendant and Norton encountered four young men who were riding in two vehicles. These four young men were all friends, and they were also driving northbound on Gratiot. In response to a remark made by Norton, one of the young men held up his middle finger at Norton. After the traffic light changed to green, the three vehicles all continued northbound on Gratiot. As one of these vehicles approached defendant's car, Norton placed a 20-gauge sawed-off shotgun out of the open window on the passenger side and aimed it at the other vehicle. A car chase ensued down some side streets. A police cruiser which happened to be in the area pulled up to the three vehicles after they had stopped.

Defendant and Norton were arrested at the scene and the sawed-off shotgun was taken from defendant's vehicle. Defendant was charged under the concealed weapons statute, MCL 750.227; MSA 28.424; Norton was charged with felonious assault, MCL 750.82; MSA 28.277.

Following his conviction, defendant moved for a new trial arguing, *inter alia,* that his conviction should be reversed due to the prosecutor's failure to indorse and produce Norton as a res gestae witness at his trial. The trial judge denied the motion on the ground that Norton was an accomplice of the defendant.

While it is true that the prosecution is under a general duty to indorse and produce all res gestae witnesses, MCL 767.40; MSA 28.980, *People v Carter,* 87 Mich App 778; 276 NW2d 493 (1979), this rule is not without exceptions. A prosecutor is obligated to neither indorse nor produce persons who are accomplices of the defendant. *People v Raider,* 256 Mich 131; 239 NW 387 (1931), *People v Benton,* 402 Mich 47, 58; 260 NW2d 77 (1977).

In *People v Raider,* the Supreme Court stated the rationale for the exceptions to the res gestae rule:

"Obviously the exceptions were founded upon the recognized inclination or inducement of those close to the accused, by community of interest in the crime or relationship, to perjure themselves, if they deem it necessary, in his behalf, and the incongruity of requiring the prosecution to make such witnesses its own." 256 Mich 131, 135-136.

The key question, then, is whether Norton was defendant's accomplice. A person may be treated as an accomplice for purposes of the res gestae rule even though never formally charged or con-

victed, provided that he or she could have been charged with the same offense as the defendant. *People v Threlkeld,* 47 Mich App 691, 696; 209 NW2d 852 (1973). Each case must be judged according to its own facts. *Id.* Since Norton clearly could have been charged under the concealed weapons statute, MCL 750.227; MSA 28.424, he would be deemed an accomplice under *Threlkeld* whether or not he had ever been formally charged at all. This case, however, does not fall neatly within the *Threlkeld* rule, since Norton was, in fact, formally charged with felonious assault, MCL 750.82; MSA 28.277, an offense different from that charged against defendant. The question before us is whether the fact that Norton was charged under a different criminal statute than defendant should act to place him outside the scope of the accomplice exception.

In *People v Moore,* 29 Mich App 597; 185 NW2d 834 (1971), this Court was faced with the question of whether an accomplice should be made a res gestae witness once the charges are dropped. Concluding that such a witness need not be called, the Court stated:

"The reasons for the exception to the general rule apply with equal force whether or not the witness has been charged, and whether or not the action, if any, against him is still pending." *Moore, supra,* 601.

This observation is equally true in the instant matter. Even though an accomplice in a criminal episode is charged with an offense different from that charged against the defendant, the "community of interest" and the resulting inducement for perjury noted by the Supreme Court in *Raider, supra,* still remain. Furthermore, by limiting the applicability of the accomplice exception to situa-

tions where the "accomplice" is either charged with the same offense as the defendant or not charged at all, as in *Threlkeld,* we would be needlessly and adversely limiting the prosecutor's broad discretion in charging criminal defendants.

For these reasons, we hold that even though Norton was charged with a different criminal offense, he was still defendant's accomplice for purposes of the res gestae rule since he could have been charged with the same offense as the defendant. Therefore, the prosecution was under no duty to either indorse or produce Norton at defendant's trial.

With respect to defendant's claim that his conviction was based on an improper pyramiding of inferences, our careful review of the record convinces us that no such error occurred at his trial.

Affirmed.