PEOPLE *v.* TAMOSAITIS.

1. CRIMINAL LAW—DENIAL OF MOTION TO SUPPRESS.

The Supreme Court cannot say that there was error in the denial of a motion to suppress the evidence obtained under a search warrant, where the motion was based on the testimony produced at the preliminary examination, which does not appear in the record.

2. SAME—INDORSING ADDITIONAL NAMES OF WITNESSES ON INFORMATION WITHIN DISCRETION OF TRIAL COURT SUBJECT TO REVIEW.

Under section 40, chap. 7, Act No. 175, Pub. Acts 1927 (code of criminal procedure), the indorsement of additional names of witnesses on the information before or during the trial is within the discretion of the trial court, subject, however, to review in case of abuse.

3. SAME—RIGHT TO KNOW WITNESSES TO BE CALLED IS SUBSTANTIAL ONE.

The right of a defendant to know the witnesses to be called against him is a substantial one, and therefore the statutory requirement that the names of witnesses known to the prosecutor be indorsed on the information at the time of filing same should be faithfully observed.

4. SAME—INDORSING NAME OF WITNESS ON INFORMATION.

In a prosecution for violation of the prohibition law, no duty was imposed on the prosecutor to indorse on the information, at the time it was filed, the name of one who made the complaint on which a search warrant was issued, but who was not present when the search was made.

5. SAME—PERMITTING WITNESS TO BE SWORN—ABUSE OF DISCRETION.

Where it was not apparent that a witness would be needed in a prosecution for violation of the prohibition law until after defendant had testified, there was no abuse of discretion in permitting the witness to be sworn, but the court should have ordered the name indorsed on the information as provided for in the statute.

6. SAME—FAILURE TO ORDER NAME INDORSED NOT PREJUDICIAL.
   Where there was no abuse of discretion in permitting a witness
        to be sworn, failure of the trial court to order the name
        indorsed on the information cannot be said to have been
        prejudicial to defendant.

7. SAME—CORRECTING SENTENCE.
   Where the sentence of the court, as it appears in the printed
        record and in the bill of exceptions, was that defendant be
        imprisoned "for a period of not to exceed two years and not
        less than one year and twenty-two months," but the minimum
        sentence was for "one year and ten months," as appears
        from a certified copy of the original record of sentence, no
        remand is necessary.

Error to superior court of Grand Rapids; Verdier
(Leonard D.), J. Submitted June 14, 1928. (Docket
No. 129, Calendar No. 33,759.) Decided October 1,
1928.

Gabriel Tamosaitis was convicted of violating the
liquor law, and sentenced to imprisonment for not
less than one year and ten months nor more than
two years in the State prison at Jackson. Affirmed.

*Michael Garvey,* for appellant.

*Wilber M. Brucker,* Attorney General, and *Earl
W. Munshaw,* Prosecuting Attorney, for the people.

SHARPE, J. Defendant reviews his conviction by
writ of error on a charge of illegal possession of
intoxicating liquor.

1. A motion was made to suppress the evidence
obtained under the search warrant under which de-
fendant's premises were searched. No evidence was
submitted in support of the motion. It was based,
as stated therein, upon "the testimony produced at
the preliminary examination." This testimony does

not appear in the record. We cannot say that there was error in the denial of the motion.

2. After the defense had rested, the people called Robert Tetro as a witness in rebuttal. Objection was made because his name was not indorsed on the information. He was permitted to testify, after which a motion to strike out his testimony for the same reason was made and denied. Error is assigned on such action.

Under section 15761, 3 Comp. Laws 1915, the prosecuting attorney was required to indorse on the information "the names of the witnesses known to him at the time of filing the same." It also provided that "At such time before the trial of any case as the court may, by rule or otherwise, prescribe, he shall indorse thereon the names of such other witnesses as shall then be known to him."

Section 40 of chapter 7 of Act No. 175, Pub. Acts 1927 (the code of criminal procedure), requires the indorsement of the names of witnesses at the time of filing, as did the former law. It, however, provides:

"Names of other witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

This code was drafted by a commission appointed by the governor under Act No. 15, Pub. Acts 1926 (extra session), to prepare "a complete codification of the laws pertaining to crime and criminal court procedure." Many changes were made in the procedure, the purpose of which was to extend the power of the trial court and to eliminate requirements which in no way prejudiced the rights of the accused. When introduced in the legislature, the last clause of section 40 read:

"Names of other witnesses, not intentionally omitted from the information at the time of filing,

may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine." 1 House Journal 1927, 533.

The change made by the legislature clearly indicates an intention to vest an even wider discretion in the trial court than that proposed by the commission. This discretion is, of course, reviewable. The right of the defendant to know the witnesses to be called against him is a substantial one, and the statutory requirement should be faithfully observed by the prosecuting attorney.

In the case before us it appears that the witness called in rebuttal was known to the prosecutor. He had made the complaint on which the search warrant issued, but was not present when the search was made. No duty was therefore imposed on the prosecutor to indorse his name thereon. When called as a witness, it was doubtless apparent to the court that the prosecutor did not know that Tetro would be needed as a witness until after the defendant had himself testified. There was no abuse of discretion in permitting the witness to be sworn. When the objection was made and overruled, the trial court should have ordered the name to be indorsed, as provided for in the statute. But his omission to do so cannot be said to have resulted in any prejudice or injury to the defendant.

3. The sentence of the court, as it appears in the printed record and in the bill of exceptions as settled by the trial court, was that the defendant be imprisoned "for a period of not to exceed two years and not less than one year and twenty-two months from and including this day." The clerk of the superior court has furnished us at our request a certified copy of the original record of sentence. From this it appears that the minimum sentence was fixed at

"one year and ten months." No remand is therefore necessary.

4. We have examined the errors in the charge which are complained of. They do not merit discussion.

The judgment is affirmed.

Fead, C. J., and North, Fellows, Wiest, Clark, and McDonald, JJ., concurred. Potter, J., did not sit.