PEOPLE *v.* COSTANZA.

1. CRIMINAL LAW—ACCEPTING MONEY FROM EARNINGS OF PROSTITUTE—EVIDENCE.
   In prosecution for accepting money from the earnings of a prostitute, evidence, though conflicting, was sufficient to present question for jury and to enable it to find defendant guilty beyond a reasonable doubt (Act No. 328, § 457, Pub. Acts 1931).

2. SAME—JURY—CREDIBILITY OF WITNESSES.
   A jury which sees and hears a defendant and other witnesses in a criminal prosecution is best able to determine the credibility of, and the weight to be accorded, their testimony.

3. INDICTMENT AND INFORMATION—INDORSEMENT OF WITNESSES—DISCRETION OF COURT.
   Indorsement of the names of witnesses on information in a criminal case before or during course of trial is a matter of judicial discretion which must be exercised with due regard to protection of the right of an accused to prepare his defense and to be accorded a fair trial (3 Comp. Laws 1929, § 17254).

4. SAME—INDORSEMENT OF WITNESSES—ABUSE OF DISCRETION.

  The burden of showing an abuse of discretion upon the part of
    a trial judge in allowing the indorsement of witnesses upon
    an information in a criminal prosecution is upon party as-
    serting abuse (3 Comp. Laws 1929, § 17254).

5. CRIMINAL LAW—INDORSEMENT OF WITNESSES—OFFER OF CON-
TINUANCE.

  In prosecution for accepting money from the earnings of a
    prostitute, the trial court did not abuse his discretion in per-
    mitting the indorsement of the names of three additional
    witnesses after defendant's objection thereto and his declina-
    tion of court's offer to continue the case to enable defendant
    to prepare to meet the testimony of the indorsed witnesses
    (3 Comp. Laws 1929, § 17254; Act No. 328, § 457, Pub. Acts
    1931).

6. SAME—ACCEPTING MONEY FROM EARNINGS OF A PROSTITUTE—IN-
TENT—EVIDENCE—OTHER OFFENSES.

  In prosecution for accepting money from the earnings of a
    prostitute, admission of testimony as to defendant's conver-
    sation and association with another prostitute and her pay-
    ment of money to his codefendant was proper for purpose of
    showing defendant's "intent, * * * scheme, plan or
    system" (3 Comp. Laws 1929, § 17320; Act No. 328, § 457,
    Pub. Acts 1931).

7. SAME—INSTRUCTIONS.

  Instructions to jury in prosecution for accepting money from
    the earnings of a prostitute, when considered as a whole,
    fully and fairly presented the questions of fact and rules of
    law applicable thereto to jury (Act No. 328, § 457, Pub.
    Acts 1931).

8. SAME—REMARKS OF COURT—EXAMINATION OF WITNESSES BY
COURT.

  In prosecution for accepting money from the earnings of a
    prostitute, claimed denial of a fair and impartial trial be-
    cause of trial court's remarks and his examination of wit-
    nesses *held,* without merit (Act No. 328, § 457, Pub. Acts
    1931).

9. SAME—SENTENCE—DISCRETION OF COURT.

  The Supreme Court does not review the trial court's discretion
    as to the sentence imposed upon conviction of crime, where it
    was within limit prescribed by statute (Act No. 328, § 457,
    Pub. Acts 1931).

Appeal from Genesee; Elliott (Philip), J. Submitted June 25, 1943. (Docket No. 102, Calendar No. 42,395.) Decided September 7, 1943. Rehearing denied October 15, 1943.

Herman Costanza was convicted of accepting money from the earnings of a prostitute. Affirmed.

*Ernest C. Sneed,* for appellant.

*Herbert J. Rushton,* Attorney General, *John L. Roach,* Prosecuting Attorney, and *Leon A. S. Seidel,* Assistant Prosecuting Attorney, for the people.

STARR, J. Defendant Herman Costanza was tried by jury and convicted under an information charging that he and one Charles Howard "did knowingly accept, receive, levy and appropriate money without consideration from the proceeds of the earnings of * * * a female engaged in prostitution" (Act No. 328, § 457, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115-457, Stat. Ann. § 28.712]). His motion for a new trial was denied, and he was sentenced to a prison term of 4 to 20 years. Having obtained leave, he appeals.

Defendant first contends that his conviction was against the great weight of the evidence. It would serve no purpose to narrate the testimony. Suffice it to say that a self-confessed prostitute called as a witness by the prosecution testified, in substance, that she met the defendant in the city of Flint; that he took her to a hotel and arranged with his co-defendant Howard, a bell boy, for her to engage in prostitution; that it was agreed that her earnings should be divided equally between defendant, Howard, and herself; and that she paid to defendant sums of money received from her prostitution. There was also other evidence which the jury might

properly have considered as corroborating such testimony. While admitting his acquaintance and association with the witness, defendant expressly denied receiving money from her.

Such conflicting testimony presented a question of fact for jury consideration. The jury, which saw and heard defendant and other witnesses, was best able to determine the credibility of, and the weight to be accorded, their testimony. There was evidence from which the jury could reasonably find defendant Costanza guilty, beyond a reasonable doubt, of the crime charged.

Immediately preceding the trial, on motion of the prosecution, the trial court permitted the names of three additional witnesses to be indorsed upon the information. Upon defendant's objection to such indorsement, the court offered to continue the case to enable him to prepare to meet the testimony of the indorsed witnesses. Such offer was declined, and the trial proceeded. Defendant now alleges that such indorsement constituted reversible error. 3 Comp. Laws 1929, § 17254 (Stat. Ann. § 28.980), provides in part:

"Names of other witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

In *People* v. *Blue,* 255 Mich. 675, we said:

"Under the code (of criminal procedure), the indorsement of names after filing is wholly within the discretion of the court. The discretion, of course, is judicial, not personal, must be exercised with due regard to protection of the right of an accused to prepare his defense and to be accorded a fair trial. * * * The ultimate question, on review, is whether the court abused its discretion, with the burden ordinarily on the party asserting abuse."

See, also, *People* v. *McCrea,* 303 Mich. 213, 267–275.

We are convinced that the trial court did not abuse his discretion in permitting the indorsement of such additional witnesses.

Defendant next contends that the trial court erred in admitting testimony as to his conversations and association with another prostitute and her payment of money to his codefendant Howard. Such testimony was properly admissible under 3 Comp. Laws 1929, § 17320 (Stat. Ann. § 28.1050), as showing defendant's "intent, * * * scheme, plan or system" in the obtaining of money from prostitutes. See, also, *People* v. *Petropoulapos,* 217 Mich. 198; *People* v. *Hopper,* 274 Mich. 418.

Defendant alleges error by the trial court in his instructions to the jury. We have carefully examined such instructions and are satisfied that, when considered as a whole, they fully and fairly presented the questions of fact and the rules of law applicable thereto. Defendant's claim, that he was denied a fair and impartial trial because of the trial court's remarks and his examination of witnesses, is without merit. He objects to his minimum sentence of four years, because his codefendant Howard was sentenced to a minimum of only one and one-half years. Such sentence was within the maximum limit of 20 years prescribed by Act No. 328, § 457, Pub. Acts 1931. We do not review the trial court's discretion as to the sentence imposed.

The judgment is affirmed.

BOYLES, C. J., and CHANDLER, NORTH, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.