PEOPLE v. LAKIN

1. INDICTMENT AND INFORMATION — WITNESSES — INDORSEMENTS — ADDITIONAL INDORSEMENTS — DISCRETION — LIMITATION ON DISCRETION.

A trial court has statutory authority to permit the indorsement of the names of additional witnesses to an information before or during trial; the trial court's discretion must be exercised with due regard to the protection of the right of the defendant to prepare a defense and be accorded a fair trial (MCLA § 767.40).

2. INDICTMENT AND INFORMATION — WITNESSES — INDORSEMENT — ADDITIONAL INDORSEMENTS — DISCRETION.

Allowing the prosecution to indorse the name of an additional witness on the information just before the jury in defendant's trial was drawn was not an abuse of discretion even though defense counsel timely objected where defense counsel was given an opportunity to talk to the witness after the impaneling of the jury, no further objection to the indorsement or the witness's testifying was made at any time during trial, no request was made for a continuance to prepare the defendant's case because of the late indorsement, and the defendant neither claimed nor showed that he suffered any prejudice because of the late indorsement of the witness; permitting the indorsement did not result in a miscarriage of justice (MCLA §§ 769-.29, 767.40).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[3, 4] 17 Am Jur 2d, Continuance § 6.
    21 Am Jur 2d, Criminal Law § 236.
[5] 50 Am Jur 2d, Larceny § 49.
[6] 17 Am Jur 2d, Continuance § 29.
[7] 17 Am Jur 2d, Continuance § 27.

3. Criminal Law—Trial—Continuance—Request.

The trial judge may properly assume that the defendant did not desire a continuance where the defendant does not request one.

4. Indictment and Information — Witnesses — Indorsement — Additional Indorsements — Continuance — Court's Duty.

The trial court has no duty on its own motion to grant the defendant a continuance where the prosecutor indorsed the name of an additional witness on the indictment just before the jury was drawn or on its own motion to require the prosecutor to show that the late indorsement was justified when the defendant did not request either a continuance or a showing justifying the indorsement.

5. Larceny—Larceny in a Building—Simple Larceny—Included Offenses.

Simple larceny is not an included offense of larceny in a building, because value is an element of simple larceny but it is not an element of larceny in a building and value need not be shown to establish and prove larceny in a building (MCLA §§ 750.356, 750.360).

6. Criminal Law—Continuance—Discretion.

Refusal to grant the defendant in a criminal case a continuance to produce a witness was not an abuse of discretion where the defendant knew of the witness and his address some months before trial, but did not subpoena the witness.

7. Criminal Law—Continuance—Adjournments—Policy.

Adjournments and continuances in criminal cases are not favored, as exemplified by the statute granting criminal cases precedence over all other cases (MCLA § 768.2).

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 May 7, 1970, at Detroit. (Docket No. 7462.) Decided February 16, 1971.

David Patrick Lakin was convicted of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Owen J. Galligan,* Assistant Prosecuting Attorney, for the people.

*Robert M. Hetchler,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and McGREGOR and AGER,* JJ.

AGER, J.  Defendant was convicted by a jury of larceny in a building, MCLA § 750.360 (Stat Ann 1954 Rev § 28.592), and sentenced to a term of 2–1/2 to 4 years.

Defendant was charged with stealing a coat and four pairs of socks in the K-Mart Department Store in the city of Detroit.  A store detective testified that she observed the defendant put on a coat taken from the K-Mart racks and attempt to leave the store without paying for it.  She arrested the defendant and took him to her office in the store. At the opening of the trial the court granted the prosecutor's motion to indorse on the information the name of a witness, Kathleen Lowrey, who was an employee of K-Mart.  She testified that she was behind the defendant when he was following the store detective to her office and that she observed the defendant throw certain socks into a Christmas display.

Defendant raises three claims of error.

Defendant first claims that the trial court erred in permitting the people to indorse the name of Kathleen Lowrey on the information.  Just before the jury was drawn the following conversation took place:

"*Mr. Regnier [Assistant Prosecutor]:* If the court please, at this time the people will move to

* Circuit judge, sitting on the Court of Appeals by assignment.

indorse to the list of witnesses on the information the name of Kathleen Lowrey, L-o-w-r-e-y, who is a store employee at K-Mart.

"*The Court:* Any objection?

"*Mr. Lakin* [*Defense counsel of the same name as defendant*]: Well, I would normally, I would object at this late date. We are about to start the trial. I don't know who the witness is · and the exact effect on the case.

"*The Court:* Draw the jury and you can have time to talk to him and find out."

It appears from the record that defendant's attorney had an opportunity to talk to the witness after the jury was impaneled and no further objection was made at any time during the trial to the indorsement of this witness's name or to the witness's testifying. The defendant's attorney did not request any further time to prepare his case because of the late indorsement of this witness's name, nor did he show (or for that matter even claim) that the defendant suffered any prejudice because of the late indorsement of this witness's name at the time of trial.

A trial court is given authority by statute to permit the indorsement of additional names of witnesses to the information before or during the trial.[1] The question before this Court is whether the trial court abused its discretion, with the burden ordinarily on the party asserting the abuse. *People* v. *Blue* (1931), 255 Mich 675. The action of the trial judge in the present action was within the discretion given to him under the statute. It is fundamental that such discretion must be exercised with due regard to the protection of the right of the

---

[1] Names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine. MCLA § 767.40 (Stat Ann 1970 Cum Supp § 28-.980).

defendant to prepare a defense and be accorded a fair trial. However, any claimed error in this respect is to be reviewed upon the showing made in the light of the circumstances. *People* v. *Blue, supra.* No specific instance of any miscarriage of justice has been shown, nor for that matter claimed, in the instant case. MCLA § 769.26 (Stat Ann 1954 Rev § 28.1096) provides:

"No judgment * * * shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of * * * improper admission * * * of evidence, or for error as to any matter of * * * procedure, unless in the opinion of the Court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

The admission of the testimony of the previously unindorsed witness did not result in a miscarriage of justice.

The defendant was not surprised or prejudiced by the action of the court. The record discloses no objection to the testimony nor a request for a continuance. Where a defendant does not request a continuance, the trial judge may properly assume that a continuance was not desired. *People* v. *Ranney* (1908), 153 Mich 293. The court had no duty on its own motion to grant a continuance or to require a showing justifying indorsement when neither a continuance nor a showing was requested by counsel for appellant. There was no showing that defendant's counsel did not have all the information that compliance with the procedure now demanded by defendant's attorney would have provided him. There was no showing, or claim, that the name of the witness was intentionally omitted from the information at the time of indorsement.

A defendant should not be permitted to decide to proceed with trial, without firmly and unequivocally objecting to the indorsement of a witness and to the witness testifying, hoping to be acquitted, but then later objecting if he guesses wrong and is convicted.

"It has been said on good authority that 'It is only in furtherance of good practice to hold that a defendant who chooses to take the chances of an acquittal on the merits, without complaining of irregularities at the trial, waives his objections.'" *People* v. *Qualls* (1968), 9 Mich App 689, 694.

The trial court did not abuse its discretion in permitting the late indorsement of the witness.

Defendant secondly claims the trial court erred in refusing to give an instruction on a claimed lesser included offense of simple larceny. MCLA § 750.356 (Stat Ann 1970 Cum Supp § 28.588). An examination of the record convinces this Court that the trial court acted properly. Under the evidence, if a jury found that a larceny was committed, it would have to find that it was committed in a store. Simple larceny is not an included offense of larceny in a store, because in simple larceny, value is one of the elements whereas in the charge of larceny in a store value is not an element and need not be shown to establish and prove that charge. Where the evidence does not present a situation where the lesser included offense could be committed, instructions on the lesser included offense need not be given. *People* v. *Stevens* (1968), 9 Mich App 531.

Finally, defendant claims error in the trial court's refusal to grant him a continuance for the purpose of producing a witness, Thomas Dryden. This Court is of the opinion that the trial judge did not abuse his discretion in this ruling. Defendant knew of this

witness some months before trial, as well as his address, yet did not have a subpoena served on him.

The statute providing that criminal cases take precedence over all other cases does not favor adjournments or continuances in criminal trials.[2] The already crowded court dockets would be even more crowded if adjournments and continuances were too freely given. The decision on a request for a continuance is within the discretion of the trial judge. *People* v. *Fleisher* (1948), 322 Mich 474; *People* v. *Clark* (1968), 9 Mich App 602.

Affirmed.

All concurred.

---

[2] See MCLA § 768.2 (Stat Ann 1954 Rev § 28:1025).

