## PEOPLE *v.* LEON BROWN

1. CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT AND PRODUCTION.

   The purpose of the rule requiring indorsement and production of *res gestae* witnesses is to insure the whole of the *res gestae* and to protect the accused against the suppression of testimony favorable to him (MCLA § 767.40).

2. CRIMINAL LAW—RES GESTAE WITNESSES—SUBSTITUTION OF HEARSAY.

   The purpose of the rule requiring indorsement and production of *res gestae* witnesses in a criminal case is not served by the admission of hearsay testimony concerning the *res gestae*; allowing substitution of hearsay testimony for the testimony of a *res gestae* witness, who was not produced at trial and whose nonproduction by the prosecution was not excused, constitutes reversible error.

3. CRIMINAL LAW—RES GESTAE WITNESSES—SUBSTITUTION OF HEARSAY—PRESUMPTIONS.

   The presumption of regularity precludes an appellate court from finding that the trial judge considered hearsay testimony in arriving at his judgment where the trial court, hearing a criminal case without a jury, erroneously allowed hearsay testimony regarding the *res gestae* to be substituted for the testimony of a *res gestae* witness who was not produced at trial by the prosecution and whose nonproduction by the prosecution was not excused.

Appeal from Recorder's Court for the City of Detroit, Henry L. Heading, J.  Submitted Division

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 41 Am Jur 2d, Indictments and Informations § 3.
    58 Am Jur, Witnesses §§ 56, 60.
[3] 5 Am Jur 2d, Appeal and Error §§ 704, 895.

1 June 9, 1971, at Detroit. (Docket No. 9255.)
Decided July 26, 1971.

Leon Brown was convicted of carrying a concealed weapon without a license. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Jessie E. Williams,* for defendant on appeal.

Before: LEVIN, P. J., and QUINN and V. J. BRENNAN, JJ.

QUINN, J. Following trial before a judge sitting without a jury, defendant was convicted of carrying a concealed weapon without a license, MCLA § 750.227 (Stat Ann 1962 Rev § 28.424). Defendant was sentenced and his appeal raises one issue which merits attention and requires reversal.

At about 1:20 a.m., August 2, 1968, defendant and James Caldwell were driving west on Warren Avenue, in Detroit, in a motor vehicle driven by defendant. At the intersection of Warren and Cass Avenues, defendant made a left turn from the second lane north of the south curb of Warren. This turn was viewed by police officers stopped at a traffic light on Cass Avenue just south of Warren Avenue and facing north. The officers pursued defendant, stopped him, obtained his driver's license and car registration, and informed him he had made an improper left turn. The officers called in by radio to check on outstanding traffic warrants and were informed that defendant owed a total of $64

for traffic violations. The officers then placed the defendant under arrest and searched him. Allegedly the search revealed a .38 caliber revolver in the waistband of defendant's trousers. Defendant contended that the officers had planted the weapon on him in the garage at the 13th precinct.

James Caldwell was indorsed on the information as a *res gestae* witness but he was not produced at trial. The trial judge held that production of this witness was not excused, but over the objection of the people, he permitted a defense witness to testify with respect to hearsay statements made to him by Caldwell. This witness testified that James Caldwell told him that he (Caldwell) and defendant were both searched on the street and that nothing was said concerning a concealed weapon, and that it was not until they arrived at the police station that he (Caldwell) was told that defendant was going to be held for something regarding a weapon.

The purpose of the rule requiring indorsement and production of *res gestae* witnesses is to insure the whole of the *res gestae* and to protect the accused against the suppression of testimony favorable to him, *People* v. *Tann* (1949), 326 Mich 361, 367. The purpose of the rule is not served by the admission of the hearsay testimony, as contended by the people. The presumption of regularity (see *People* v. *Carson* [1969], 19 Mich App 1, 7) precludes us from finding that the trial judge considered this hearsay testimony in arriving at his judgment.

The other issues raised by defendant, namely: the right of arrest, the right of detention while obtaining information concerning outstanding traffic warrants, and the right to speedy trial, do not merit discussion.

Reversed and remanded for new trial.

All concurred.