### PEOPLE ·v KING

1. CRIMINAL LAW—WITNESSES—INDORSEMENT—DISCRETION—APPEAL AND ERROR—FAIR TRIAL.

    The Court of Appeals will review a trial court's action regarding the indorsement of witnesses to determine whether the trial court abused its discretion, since the discretion must be exercised with due regard for the defendant's right to a fair trial.

2. WEAPONS—WITNESSES—RES GESTAE WITNESSES—AUTOMOBILES—PASSENGERS.

    A passenger in the back seat of a car in which the front-seat passenger was accused of carrying a pistol in a motor vehicle was in a position to give evidence of some of the events that occurred after defendant entered the car until he was arrested, even though he may not have seen anyone in actual possession of a weapon; such a person is a res gestae witness under the statute and must be indorsed by the people (MCLA 767.40).

3. WEAPONS—WITNESSES—RES GESTAE WITNESSES—DUTY TO PRODUCE —ACCOMPLICES.

    Mere presence of a res gestae witness in an automobile in which a defendant was charged with carrying a pistol was not enough to make the witness an accomplice and did not excuse the people's failure to produce the witness at trial.

4. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—DUTY TO PRODUCE—UNAVAILABILITY.

    The inability of a defendant to locate a res gestae witness does not excuse the failure of the people to produce the witness at trial where the people made no effort to locate the witness.

Appeal from Recorder's Court of Detroit, Donald C. Neitzel, J. Submitted Division 1 October 9, 1973, at Detroit. (Docket No. 15731.) Decided November 2, 1973. Leave to appeal denied, 391 Mich 794.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 165.
[2–4] 29 Am Jur 2d, Evidence §§ 708, 722, 731.

Thomas R. King was convicted of carrying a pistol in a motor vehicle. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: LESINSKI, C. J., and R. B. BURNS and QUINN, JJ.

R. B. BURNS, J. At approximately 2:15 a.m. on June 2, 1972, the automobile in which defendant was one of three passengers was stopped by two Detroit police officers for failing to obey a stop sign. One of the officers claims that, while approaching the stopped automobile, he observed defendant, who was seated next to the driver, insert something into a purse being held by the driver, defendant's sister. The officer seized the purse and found in it a .45-caliber automatic. Defendant, the driver, and two other passengers were arrested for carrying a concealed weapon in an automobile contrary to MCLA 750.227; MSA 28.424. A search of the automobile located a clip of live ammunition wedged between the cushions of the backseat.

Eventually, the charges against everyone except defendant were dropped. At defendant's bench trial the only witnesses presented by the prosecution were the two arresting officers. The officer who claims to have seen defendant handle the gun testified as to his observations. The other officer

candidly admitted that, from where he was standing, he could not see defendant's actions in the car. The driver testified for the defense that she had placed the gun in her purse and that defendant had, at no time, handled the gun. An adjournment was then granted to allow defense counsel time to locate a second defense witness, Grady Dixon, one of the two backseat passengers. The next morning the court was advised that Dixon could not be located, and defense counsel demanded an explanation why Dixon had not been endorsed as a res gestae witness. The prosecutor argued that Dixon was not a res gestae witness because he denied any knowledge of the presence of a gun in the automobile. The court ruled that Dixon was not a res gestae witness and that, therefore, his endorsement and production were excused. The defense rested. Defendant was found guilty as charged.

Defendant now appeals, claiming that it was reversible error not to require the prosecution to endorse Grady Dixon as a res gestae witness and then produce him at trial as a prosecution witness —or satisfactorily explain his absence. The prosecution responds that it was under no obligation to endorse and produce Dixon because either he is not a res gestae witness or he is an accomplice. Thus, the issues are framed: (1) Who is a res gestae witness? and (2) Who is an accomplice?*

Generally speaking, the endorsement of witnesses is a matter within the discretion of the trial court. However, the discretion thus entrusted to

---

* MCLA 767.40; MSA 28.980 requires the prosecution to endorse on all informations the names of all witnesses known by it at the time the information is filed. The courts have limited this requirement to res gestae witnesses, exclusive of accomplices. For a thorough discussion of the endorsement rule see *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973).

the trial judge is not without limits; it must be exercised with due regard to the defendant's right to a fair trial. Consequently, this Court will review a trial court's action to determine whether such discretion has been abused. *People v Tamosaitis,* 244 Mich 258; 221 NW 307 (1928); *People v Costanza,* 306 Mich 415; 11 NW2d 10 (1943); *People v Lakin,* 30 Mich App 441; 186 NW2d 867 (1971).

Our research has discovered two cases which we find particularly instructive: *People v Tann,* 326 Mich 361, 367; 40 NW2d 184, 186 (1949), and *People v Leon Brown,* 35 Mich App 173; 192 NW2d 337 (1971).

In *People v Tann, supra,* a physician was convicted of having raped a woman while examining her preparatory to performing an abortion. The conviction was reversed because the prosecution failed to endorse and produce as a res gestae witness another woman who was in an adjoining room during the alleged rape. Although the door between the rooms was slightly ajar, there was no indication in the opinion that the witness saw what transpired in the next room. Nonetheless, her endorsement was required because "[s]he was in a position to give evidence of some of the events that occurred from the time Frances Lessard entered Dr. Tann's office until she left". Furthermore, although there was reason to suspect from her presence under the circumstances that the second woman was the physician's accomplice to a planned abortion, the woman's endorsement was not excused.

Grady Dixon was in a position to give evidence of some of the events that occurred after defendant entered the car until arrested, although Dixon may not have seen anyone in actual possession of a weapon.

In *People v Leon Brown, supra,* the automobile

defendant was driving was stopped by two Detroit police officers for making an improper left turn. A radio check on defendant revealed several outstanding traffic warrants. Defendant was arrested and searched incident thereto. The officers claimed that the search uncovered a .38-caliber revolver in the waistband of defendant's trousers. Defendant's passenger was endorsed as a res gestae witness, but was not produced at trial. Defendant contended that the police planted the weapon on him at the station. A defense witness testified to a statement made by the passenger allegedly claiming that nothing was said by the police about a concealed weapon at the time of the street search and that the first mention of any charge involving possession of a weapon was made at the station. A panel of this Court held that the hearsay testimony offered by the defense was an inadequate substitute for the real witness. Had this Court felt that, for purposes of the endorsement rule, presence was enough to warrant excluding a witness as an accomplice, it would not have been necessary to reverse the conviction.

We are aware that defense counsel could not locate Grady Dixon. However, it does not necessarily follow that production of Dixon as a prosecution witness was excused because of his unavailability. The resources available to the prosecution to locate a witness are far more extensive than the resources available to defense counsel. The prosecution made no effort to locate Dixon and must now bear the consequences.

Defendant is entitled to a new trial, even if the prosecution is now unable to locate and produce Grady Dixon, for its failure to make the effort in 1972 denied defendant a fair trial.

Reversed and remanded for a new trial.

All concurred.