## PEOPLE v SZYMANSKI

1. ARREST—WITHOUT WARRANT—PROBABLE CAUSE—FELONY.

Peace officers may arrest without warrants when they have
probable cause to believe a felony has been committed and that
it was committed by the defendant (MCLA 764.15).

2. ARREST—WARRANT—PROBABLE CAUSE—FELONY.

An arrest will not be invalidated because a peace officer obtained
a warrant which was later found to be defective where the
officer had probable cause to believe a felony had been commit-
ted and that it was committed by the defendant.

3. ARREST—PROBABLE CAUSE—FELONY.

An arresting officer had sufficient facts to justify an honest belief
that a defendant was the perpetrator of a shooting where the
arresting officer had been given defendant's name as a suspect
in that crime by a companion of the defendant, where the
information supplied by the companion showed that both he
and defendant were, shortly before the shooting episode, in the
process of robbing a drunk when a patrol car appeared, where
the men separated and soon thereafter the pursuing officer was
wounded, and where the last allegations were substantiated by
the victim police officer.

4. CRIMINAL LAW—LINEUPS—SUBSTITUTED COUNSEL.

A trial court's finding that a lineup was conducted fairly with full
regard to defendant's constitutional rights is not vitiated by the
fact that defendant was represented by substituted counsel at
the lineup.

5. CRIMINAL LAW—PROSECUTION WITNESSES—IMPEACHMENT OF WIT-
NESSES.

The right of the prosecution to impeach its own witness is

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur 2d, Arrest §§ 24, 25, 32.
[4] 21 Am Jur 2d, Criminal Law §§ 309–323.
[5] 58 Am Jur, Witnesses § 682.
[6] 58 Am Jur, Witnesses § 681.
[7] 58 Am Jur, Witnesses § 240.
[8] 6 Am Jur 2d, Assault and Battery § 11.

derivative of, and coextensive with, the obligation to call that witness; absent the obligation, a witness called becomes the people's witness and subject to the settled rules concerning the examination of any witness voluntarily called by either party.

6. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—IMPEACH-MENT—ACCOMPLICES.

The prosecution is not obligated to call an accomplice as a res gestae witness, and therefore no statutory right to impeach an accomplice called as a witness by the prosecution exists (MCLA 767.40a).

7. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESSES—STATUTES.

The prosecution must call to the stand all res gestae witnesses, but is entitled to impeach them (MCLA 767.40a).

8. ASSAULT AND BATTERY—ACCOMPLICE—CONCERTED ACTION—COM-MON PURPOSE.

A person could not have been charged as an accomplice to the crime of assault with intent to murder where he could not be found to have acted in concert with the defendant, where he was not present at the shooting, where he did not procure, counsel, aid or abet in the commission of the crime, where he lacked a common purpose to commit the crime, and where he was ignorant that the defendant may have had a weapon (MCLA 750.83).

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 February 6, 1974, at Detroit. (Docket No. 15481.) Decided April 26, 1974. Leave to appeal applied for.

Eugene J. Szymanski was convicted of assault with intent to commit murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: BASHARA, P. J., and DANHOF and R. L. SMITH,* JJ.

BASHARA, J. Defendant was convicted by a jury of assault with intent to commit murder[1] in the shooting of a Hamtramck police officer. He was sentenced to prison for a term of 14 to 22 years and appeals.

Defendant first contends that the trial judge erred in failing to quash the complaint and warrant. He alleges that the complaint failed to set forth facts upon which the magistrate could find probable cause to support the issuance of a warrant.[2] Although the language of the complaint was conclusory and would therefore lack the requirements for a neutral finding of probable cause, the arrest was valid on other authority. MCLA 764.15; MSA 28.874 provides that peace officers may arrest without warrants when they have probable cause to believe a felony has been committed and that it was committed by the defendant. This Court held in *People v Hernandez,* 41 Mich App 594; 200 NW2d 447 (1972), that where an officer had such probable cause, the arrest will not be invalidated because the officer obtained a warrant which was later found to be defective. In the instant case, the arresting officer had sufficient facts to justify an honest belief that defendant was the perpetrator of the shooting. The arresting officer had been given defendant's name as a suspect in this crime by a companion of defendant. The information supplied by the companion

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.83; MSA 28.278.

[2] The complaint stated in conclusory terms that the accused "did assault the above-named complainant with intent to murder, with a certain weapon, to-wit: .32 caliber revolver contrary to Sec. 750.83 C.L. 1948".

showed that both he and defendant were, shortly before the shooting episode, in the process of robbing a drunk when a patrol car appeared. The men separated and it was soon thereafter that the pursuing officer was wounded. The last allegations, substantiated by the victim police officer, were sufficient to form an honest belief that defendant was involved in the crime. *People v Gunn,* 48 Mich App 772; 211 NW2d 84 (1973). The motion to dismiss was properly granted. This holding is buttressed by the recent decision of our Supreme Court in *People v Burrill,* 391 Mich 124, 133; 214 NW2d 823 (1974). Justice LEVIN there stated:

"[T]he invalidity of the arrest warrant did not oust the circuit court of jurisdiction. The sole sanction imposed by the United States Supreme Court for the invalidity of an arrest warrant has been the suppression of evidence obtained from the person following his illegal arrest.

"The Court has consistently held that a court's jurisdiction to try an accused person cannot be challenged on the ground that physical custody of the accused was obtained in an unlawful manner. * * * "

In his next four issues, defendant attacks the in-court identification of defendant by the victim officer as being the result of an unlawful lineup identification. His allegations of lack of counsel, suggestiveness, and unnecessary delay in the effort to have the lineup take place were all tested by the trial court in an evidentiary hearing. The result was a finding that the lineup was conducted fairly with full regard to defendant's constitutional rights. We are also in agreement with the court's finding that the short period of delay between arrest and arraignment was proper and not for the unlawful purpose of extracting a confession or other damaging evidence. *People v Kennedy Mat-*

*thews,* 28 Mich App 473; 184 NW2d 474 (1970). Nor does that fact that defendant was represented by substituted counsel vitiate the lineup. The procedure whereby counsel is appointed to observe lineups for suggestiveness, but without representing particular clients, has been approved in *United States v Randolph,* 143 US App DC 314; 443 F2d 729 (1970). The appointed counsel in this case was examined at the evidentiary hearing and testified that she was satisfied that the lineup was fairly conducted. We find no evidence in the record to disturb the trial court's ruling that the lineup was proper and that the identification at trial should not have been suppressed.

Defendant next asserts error by the trial court in permitting the prosecutor to impeach his own witness, John Rials, by use of the preliminary examination transcript to show prior inconsistent statements. The alleged error is predicated on defendant's contention that the witness was an accomplice and was not required to be called by the prosecution. *People v Coates,* 40 Mich App 212; 198 NW2d 837 (1972). Where no obligation exists to call a witness, as an accomplice, no *statutory right* to impeach him exists. (Emphasis added.) In *People v Fidel,* 37 Mich App 338, 342–343; 194 NW2d 732 (1971), this Court stated the rule of impeachment as follows:

"We hold here that the right of the prosecution to impeach its own witness is derivative of, and coextensive with, the obligation to call that witness. Absent the obligation, a witness thus called becomes the people's witness and subject to the settled rules concerning the examination of any witness voluntarily called by either party."

The obligation to call all res gestae witnesses is clear in Michigan. *People v Robinson,* 390 Mich

629; 213 NW2d 106 (1973); *People v King,* 50 Mich App 487; 213 NW2d 597 (1974). The purpose of the rule is to insure the whole of the res gestae and to protect the accused against suppression of testimony favorable to him. *People v Leon Brown,* 35 Mich App 173; 192 NW2d 337 (1971). In summary the prosecution must call to the stand all res gestae witnesses,[3] but is entitled to impeach them pursuant to MCLA 767.40a; 28.980(1).

We therefore proceed to determine whether John Rials was merely a res gestae witness, or an accomplice, the statutory impeachment of whom would be precluded because no obligation would exist to call him.

Rials admitted at the preliminary examination that he, defendant, and a third individual were riding around and decided to rob a drunk lying in a car. He testified that as they attempted to rob the man a patrol car appeared and they fled on foot when two officers approached them. Rials was unable to say what happened to his two companions when they parted but his uncontradicted testimony was that he was unaware that either of his companions had a weapon.

Although no exact definition of "res gestae" can be formulated, we are satisfied that Rial's presence at a time and place so near to the instant crime and his knowledge of material facts concerning identities qualifies him as a res gestae witness.[4] However, the same facts which lead to the conclusion that Rials was a res gestae witness persuade us that he was not an accomplice to the shooting

[3] We are not unmindful of recognized exceptions to production of res gestae witnesses, such as unavailability, cumulative testimony, etc.

[4] *See People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973), for examples of res gestae witnesses under circumstances more tenuous than here.

of the officer. Rials could not have been charged as an accomplice to the crime of assault with intent to murder when he could not be found to have acted in concert with the defendant. *People v King, supra.* He was not present at the shooting, did not procure, counsel, aid or abet in the commission of the crime. *People v Owen,* 241 Mich 111; 216 NW 434 (1927). *People v Hodo,* 51 Mich App 628; 215 NW2d 733 (1974). His lack of common purpose to commit the crime and his ignorance that defendant may have had a weapon lead us to conclude that he was not an accomplice to the crime charged. His testimony at trial was therefore relevant and the prosecutor was entitled to impeach his testimony as a res gestae witness through use of prior inconsistent statements made at the preliminary examination.

The three remaining allegations of error have been read and analyzed. A review of the record persuades us that they are without merit and were not prejudicial to defendant's trial.

Affirmed.

All concurred.