PEOPLE v FILIP

1. WITNESSES—HOSTILE WITNESSES—CROSS-EXAMINATION—IMPEACH-
   MENT—RES GESTAE WITNESSES.

   The right of the prosecution to impeach its own witness is
   derivative of and coextensive with the obligation to call that
   witness and absent the obligation, a witness becomes the peo-
   ple's witness, subject to the rules concerning the examination
   of any witness voluntarily called by either party.

2. WITNESSES—ACCOMPLICES—IMPEACHMENT—PROSECUTOR.

   The prosecution is under no obligation to produce or call an
   accomplice as a witness and may not impeach the testimony of
   such a witness called by it.

3. WITNESSES—RES GESTAE WITNESSES—ACCOMPLICES—CRIMINAL LAW.

   The accomplice exception to the res gestae witness statute applies
   only where there is a direct and necessary relationship between
   the concerted criminal activity of the defendant and the res
   gestae witness and the offense for which the defendant is tried.

4. WITNESSES—RES GESTAE WITNESSES—ACCOMPLICES—PROSECUTORS—
   IMPEACHMENT OF WITNESSES.

   A res gestae witness was not an accomplice within the exception
   to the res gestae witness statute where a carrying a dangerous
   weapon in a motor vehicle charge against the defendant had no
   rational or direct relationship to their concerted criminal enter-
   prise of stealing a truck; the prosecutor was under a duty to
   call the witness in the carrying a dangerous weapon case and
   therefore could impeach his testimony.

5. CRIMINAL LAW—PROOFS—JURY—QUESTION OF FACT—INFERENCES.

   A jury may reasonably infer a defendant's requisite knowledge of

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 618.
[2] 58 Am Jur, Witnesses § 681.
[3, 4] 58 Am Jur, Witnesses §§ 633, 681.
   29 Am Jur 2d, Evidence § 708 *et seq.*
[5] 29 Am Jur 2d, Evidence § 221.

the presence of a revolver in a car occupied by the defendant from proofs which established the presence of the revolver in the car.

Appeal from Wayne, John R. Kirwan, J. Submitted Division 1 December 11, 1974, at Detroit. (Docket No. 19561.) Decided February 12, 1975.

Michael D. Filip was convicted of carrying a dangerous weapon in a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney.

*Norton Rosin,* for defendant.

Before: BRONSON, P. J., and McGREGOR and CARLAND,* JJ.

CARLAND, J. The defendant was convicted by a jury of carrying a dangerous weapon in a motor vehicle contrary to the provisions of MCLA 750.227; MSA 28.424, and appeals as a matter of right.

The circumstances of defendant's arrest which are important to the disposition of this case are not in dispute. Either in the late evening of October 11, 1973 or in the early morning hours of October 12th, police officer Bryant and his partner apprehended the defendant and one Daniel Smith as they were in the process of stealing a truck from "Walter's Appliance" in Livonia, Michigan. At the time of this apprehension, Smith was driv-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ing the truck from the store's parking lot and the defendant was following him in a Buick automobile previously rented by Smith. The police stopped both vehicles and requested that the drivers get out of the cars. After the defendant left the Buick, Officer Bryant, using a flashlight, observed a revolver on the floor of the car partially concealed under the driver's seat.

Before the defendant's trial, Smith, who had pled guilty to unlawfully driving away a motor vehicle, was endorsed on the information as a res gestae witness. Smith was called by the prosecution and testified that he had rented the Buick which was being driven by the defendant at the time of his arrest. Smith further testified that defendant had driven the same Buick on at least two previous occasions. However, when asked whether Smith had a gun in the Buick, he refused to answer on grounds of self-incrimination. Smith also denied making any statement to a detective Benson concerning defendant's knowledge of the presence of the gun in the car.

At that point, the prosecutor requested the court to declare Smith to be a hostile witness for the purposes of cross-examination and impeachment, asserting that Benson would testify that Smith had told him that the defendant knew about the gun being in the car prior to his arrest. The trial court made no ruling on this request but advised the prosecutor that Smith could be cross-examined and impeached as a res gestae witness. No objection was made by the defendant to this ruling. Accordingly, the prosecutor again asked Smith whether he had made any statement to Benson in relation to the gun. Smith repeatedly denied the making of any statement of this nature. Similarly, under questioning by defense counsel, Smith dis-

claimed any knowledge as to defendant's knowledge of the gun being in the car.

Detective Benson then testified on behalf of the people to the effect that Smith had stated that defendant knew about the gun and its presence in the car. He further testified that Smith later recanted his statement as to the defendant's knowledge of the weapon.

Did the trial court err in allowing the prosecution to impeach the testimony of Smith who it is claimed was the accomplice of the defendant? The defendant explicitly concedes that Smith was a res gestae witness to the concealed weapon offense, but was Smith an accomplice of the defendant? If Smith was such an accomplice, the prosecution was under no obligation to produce or call him as a witness. Having no obligation to produce under the rule of *People v Fidel,* 37 Mich App 338; 194 NW2d 732 (1971), the people could not impeach Smith's testimony with the testimony of detective Benson.

"We hold here that the right of the prosecution to impeach its own witness is derivative of, and coextensive with, the obligation to call that witness. Absent the obligation, a witness thus called becomes the people's witness and subject to the settled rules concerning the examination of any witness voluntarily called by either party."

In a recent similar case, *People v West,* 56 Mich App 37; 223 NW2d 353 (1974), it was held that where there is no rational connection between the alleged concerted activity of defendant and the res gestae witness and the charge under which the defendant was brought to trial, the accomplice exception to the res gestae witness statute is to be narrowly construed so as to compel the prosecu-

tion to endorse and produce the purported accomplice as a res gestae witness. In other words, where there is no direct and necessary relationship between the concerted criminal activity of defendant and the res gestae witness and the offense for which defendant is tried, then the res gestae witness does not come within the accomplice exception.

Applied to the instant case, the *West* principle compels the conclusion that Smith was not an accomplice within the exception to the res gestae witness statute. As in *West,* the carrying a dangerous weapon in a motor vehicle charge against defendant had no rational or direct relationship to their concerted criminal enterprise of stealing the truck. Thus the prosecution was under a duty to call Smith as a res gestae witness and therefore could impeach his testimony with the testimony from detective Benson about Smith's prior inconsistent statements.

The defendant further claims that the proofs adduced at the trial were insufficient to support a finding of guilt beyond a reasonable doubt. He argues that no proofs were offered as to the knowledge of the presence of the gun on the part of the defendant. He asserts in effect that even had the statement attributed to Smith by detective Benson been in fact made, that they were hearsay as to the defendant and were not substantive proof of guilt. With this contention of the defendant, we are in agreement. The statements of Smith, even if made, were clearly hearsay as to the defendant, not binding upon him, nor would they have been substantive proof of defendant's guilt. However, the evidence of the officer was received without objection and therefore any error arising therefrom was not preserved for appeal.

We are, nonetheless, faced with the question as to the sufficiency of the proofs. Were there facts upon which the jury might determine guilt beyond a reasonable doubt? If proof of the elements of the offense alleged was presented to the jury, its verdict must stand. The precise question was raised in *People v Cunningham,* 20 Mich App 699; 174 NW2d 599 (1969), where the Court spoke as follows:

"In the instant case the proof established the presence of the shotgun in the back seat of the vehicle. From this established fact the jury could have reasonably inferred that the defendant had the requisite knowledge."

In the case at bar the proofs established the presence of the gun in a car occupied by the defendant. From these established facts, the jury could reasonably have inferred that the defendant likewise had the requisite knowledge.

We therefore affirm.